1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVITA PARTIDA and LEONARD PARTIDA, <br><br>          Plaintiffs, <br>  vs. <br> COUNTRYWIDE HOME LOANS, INC. et al., <br><br>          Defendants. | CASE NO. 09cv2795 WQH (WVG) <br><br> **ORDER** |

HAYES, Judge:

   The matter before the Court is the Motion to Dismiss (Doc. # 9) filed by Defendants Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc., California Housing Finance Agency, BAC Home Loans Servicing, L.P., Bank of America Corporation, and LandSafe, Inc.

   This case relates to Plaintiffs' mortgage. On December 15, 2009, Plaintiffs initiated this action by filing their complaint. (Doc. # 1). The complaint names Countrywide Home Loans, Inc. ("Countrywide"), Mortgage Electronic Registration Systems, Inc. ("MERS"), California Housing Finance Agency ("CHFA"), BAC Home Loans Servicing, L.P. ("BAC"), Bank of America Corporation ("BOA"), and LandSafe, Inc. ("Landsafe") as Defendants. *Id.* at 1. The complaint alleges five claims: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of California Civil Code § 2943; (3) breach of contract and the

implied covenant of good faith and fair dealing; (4) quiet title; (5) declaratory relief.[1] *Id.* On January 6, 2010, Defendants filed their Motion to Dismiss. (Doc. # 9). Additionally, ReconTrust Company, N.A. ("Recontrust"), which was not named as a Defendant in the caption of Plaintiffs' complaint, states that it "is a moving party for purposes of the Motion to Dismiss" because "ReconTrust is referenced in paragraph 4 of the Complaint" and "[i]t is unclear from the Complaint whether or not Plaintiffs intended to include ReconTrust as a defendant." (Doc. # 9-1 at 5).

On February 16, 2010, Plaintiffs filed a their opposition to the motion. (Doc .# 17). Plaintiffs attached a proposed First Amended Complaint to their opposition. (Doc. # 17-4). Plaintiffs' proposed First Amended Complaint alleges ten claims: (1) violation of California Business and Professions Code § 17200; (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635; (3) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(e); (4) violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq., (5) violation of California Civil Code § 1632; (6) fraud in the inducement; (7) wrongful foreclosure; (8) cancellation of first trust deed; (9) quiet title; and (10) declaratory relief. *Id.* at 1. In their opposition, Plaintiffs "respectfully ask[] that this Court deny Defendants' Motion to Dismiss and/or grant Plaintiffs leave to amend their Complaint upon entry of the Order of the Court." (Doc. # 17 at 22).

On February 23, 2010, Defendants filed their reply in support of their Motion to Dismiss. (Doc. # 18). Defendants contend "Plaintiffs implicitly admit that their original Complaint was deficient, and that Defendants' Motion should be granted." *Id.* at 2.

By attaching a proposed First Amended Complaint which abandons some of Plaintiffs' original claims, adds new claims, and seeks to address some of the points raised by Defendants in their motion to dismiss, Plaintiffs have conceded that there were deficiencies in their original pleadings and have abandoned their original complaint. If the Court were to rule on the Motion to Dismiss after Plaintiffs have made it clear that they wish to proceed under a

---

[1] The caption of the complaint lists six claims, including "rescission of loan pursuant to 15 U.S.C. § 1635)," but there are no allegations related to this claim in the complaint. *See id.* at 1, 10-12. The complaint skips from the "Fourth Cause of Action" to the "Sixth Cause of Action," so the number assigned to each claim in this order does not match either the caption on the complaint or the body of the complaint. *See id.* at 11-12.

different complaint which asserts different claims, the Court would, in essence, offer an advisory opinion as to the sufficiency of the original complaint. The Court instead construes Plaintiffs' opposition as a motion for leave to amend.

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Foman* factors).

This is Plaintiffs' first attempt to amend, and the Court sees no evidence at this early stage of undue delay, bad faith, or dilatory motive. Therefore, the Court will allow Plaintiffs to file the proposed First Amended Complaint attached to the opposition within ten days of the date of this order. Defendants' Motion to Dismiss is denied as moot.

### ORDER

IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss (Doc. # 9 ) is **DENIED AS MOOT**. Plaintiffs shall file the proposed First Amended Complaint attached to their opposition (Doc. # 17-4) within ten days of the date of this order.

DATED: May 10, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge